UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN WARREN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CV-07-24-B-W |
| v. | ) | |
| | ) | |
| MAINE STATE PRISON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO DISMISS**

Because the Maine State Prison, as an agency of the state, is not susceptible to suit under 42 U.S.C. § 1983, and because it cannot be held liable under *respondeat superior*, the Court grants the Prison's motion to dismiss the Complaint.

**I.    STATEMENT OF FACTS**

On February 16, 2007, Stephen Warren, an inmate at the Maine State Prison in Warren, Maine, filed suit against the Prison and Officer Densing, who worked there. *See Compl*. (Docket # 1). Mr. Warren's Complaint, filed under 42 U.S.C. § 1983, alleges excessive force in violation of his Eighth Amendment rights. According to the Complaint, while housed in the Super Max Unit (SMU) of the Prison, Mr. Warren was involved in an altercation with Officer Densing. In essence, Mr. Warren claims that Officer Densing repeatedly slammed his hand in the tray slot door, which is used to pass the food tray between the inmate and guard. Mr. Warren alleges he received medical treatment from the prison nurse for his swollen and bruised wrist. He seeks compensatory damages, punitive damages from each defendant, and a declaratory judgment that Officer Densing violated his Eighth Amendment rights. On May 22, 2007, the Prison moved to

dismiss Mr. Warren's claim against it. *See Mot. to Dismiss of Maine State Prison* (Docket # 16) (*Def.'s Mot.*).

## II. DISCUSSION

### A. Motion to Dismiss Standard of Review

The Prison moved to dismiss Mr. Warren's claim under Rule 12(b)(6):

> Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . .

FED. R. CIV. P. 12(b)(6). "In ruling on a motion to dismiss, a court must 'accept all well-pleaded facts of the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" *Moss v. Camp Pemigewassett, Inc.*, 312 F.3d 503, 506 (1st Cir. 2002) (quoting *Aybar v. Crispin-Reyes*, 118 F.3d 10, 13 (1st Cir. 1997)). A defendant is entitled to dismissal only if it "'appears to a certainty that the plaintiff would be unable to recover under any set of facts.'" *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001) (quoting *Roma Constr. Co. v. A Russo*, 96 F.3d 566, 569 (1st Cir. 1996)); *see also Nethersole v. Bulger*, 287 F.3d 15, 18 (1st Cir. 2002). However, the Court "need not credit a complaint's bald assertions or legal conclusions." *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996) (citation and internal quotation marks omitted).

### B. Section 1983

Although Mr. Warren has clearly filed suit against the Prison, an agency of the Maine Department of Corrections, the theory of liability against the Prison is murky. According to the Complaint, the Prison "is involved due to being aware of [Officer Densing's] actions prior to this incident, and never dealt with them." *Compl*. at 3. He further states that Officer Densing "would

continuously create problems by instigating and provoking, and not performing his duty . . . . Inmates would notify someone with authority over the matter, and continuously wouldn't do anything about it." *Id*. Finally, the Complaint alleges that "the prison staff mis[]trained [Officer Densing], and was aware of his actions prior to this incident." *Id*. at 10.

The Prison's primary argument in the motion to dismiss is that it is not a proper defendant under § 1983. The Prison is correct. Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. For purposes of this statute, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."); *Chapman v. Me. Dep't of Corr.*, Civil No. 04-103-B-H, 2005 U.S. Dist. LEXIS 33230 (D. Me. Dec. 14, 2005). The Supreme Court explained: "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will,* 491 U.S. at 66. In addition, because "there is no *respondeat superior* liability under section 1983 . . . liability in damages can only be imposed upon officials who were involved personally in the deprivation of constitutional rights." *Pinto v. Nettleship*, 737 F.2d 130, 132 (1st Cir. 1984) (internal citation omitted).

If the Court construes Mr. Warren's Complaint to raise a theory of supervisory liability under § 1983, the result is the same. Mr. Warren cites *Haynesworth v. Miller*, 820 F.2d 1245 (D.C. Cir. 1987), which provides that "a governmental officer may be held liable in damages for constitutional wrongs engendered by his failure to supervise or train subordinates adequately." *Id*. at 1259. However, "in order to construct a basis for liability, the injured party must establish that the supervising official was either 'grossly negligent' or 'deliberately indifferent' in failing to take precautions against the constitutional violation that did in fact occur." *Id*. at 1260-61; *see also Ribot-Carino v. Laboy*, 196 F. Supp. 2d 131, 135 (D.P.R. 2002) ("Just as prison officials may be liable for their deliberate indifference in protecting inmates from violence at the hands of fellow inmates, they may also be liable for their deliberate indifference to violence by subordinates."). Mr. Warren's obstacle, however, is that he is not pursuing a cause of action against any supervisory prison officials; rather, he names as defendants only Officer Densing and the Maine State Prison.

Following *Pinto*, the Prison cannot be held liable under a theory of *respondeat superior*, and following *Will* and *Nieves-Marquez*, the Prison itself, as an agency of the state, is not subject to liability under § 1983. The Court concludes that Mr. Warren's Complaint does not state a cognizable claim against Maine State Prison pursuant to 42 U.S.C. § 1983.[1]

---

[1] While Mr. Warren's Complaint avers that the Court "has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367," *Compl*. at II(2), he does not allege those state law tort claims against the Prison. In his request for relief, Mr. Warren states: "The physical abuse of 'Officer Densing' violated the Plaintiff's rights under the Eighth Amendment, and constituted an assault and battery under state law." *Compl*. at II(A)(1). As against the Prison, Mr. Warren alleges that the "prison staff mis[]trained this officer, and was aware of his actions prior to this incident. They knew this officer was unfit for this kind of environment, but were short on officers." *Id*. at V(A)(3). To the extent Mr. Warren is asserting state tort claims for assault and battery, the Court construes his allegations to be against Officer Densing, not the Prison. Further, to the extent the Complaint can be construed to state a tort claim against the Prison, there is no allegation that the state of Maine has waived its Eleventh Amendment immunity. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 33 (1st Cir. 2006); 14 M.R.S.A. § 8118.

### III.    CONCLUSION

The Court GRANTS Defendant Maine State Prison's motion to dismiss (Docket # 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2007