UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN M. WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 07-24-B-W |
| | ) |
| DENSING, OFFICER MAINE STATE PRISON, et al., | ) |
| | ) |
| Defendants. | ) |

**Order on Plaintiff's Motion for Default**

Stephen Warren has filed a civil rights complaint alleging mistreatment of him at the Maine State Prison. He named Officer Densing and the Maine State Prison as his defendants. This Court has granted the Maine State Prison's motion to dismiss. Officer Densing is the sole remaining defendant.

The docket demonstrates that on April 24, 2007, an executed summons was returned indicating the Keith Densing was served at a Waldoboro, Maine address. (Docket No. 11.) On May 22, 2007, Warren filed a motion for default as to both defendants. (Docket No. 14.) The same day I denied the motion, indicating: "The clerk's entry indicates the Marshall did not complete service on the Me. State Prison and the clerk reissued that summons and their answer is not yet due. Densing was subject to service in hand and has not responded to date. If he does not respond when the Me. State Prison's response is due, he will be defaulted." (Docket No. 15.) The Maine State Prison filed its motion to dismiss and it was granted by the Court on June 11, 2007. (Docket No. 20.) On June 12, 2007, Warren filed a motion for default judgment as to Densing (Docket No. 22) and this Court denied it issuing an order that under Federal Rule of

Civil Procedure 12(a)(1)(B), Densing had until July 16, 2007, to answer the complaint and that the motion for default was premature.  (Docket No. 23 at 1-2.)   That order further indicated:  "If Mr. Densing has not filed a responsive pleading by July 16, 2007, Mr. Warren may renew his motion for default judgment."  (Id. at 2.)   On July 3, 2007,  the clerk's office received returns on two envelopes sending Densing copies of this order and a letter by Warren inquiring about the status of his case were returned to the clerk's office indicating that Densing had moved from the Waldoboro address and had left no forwarding address.

Warren has moved for default against Densing a third time.[1]   This is a case in which Densing has made no effort whatsoever to appear, compare Katahdin Paper Co., LLC v. U & R Systems, Inc., 231 F.R.D. 110, 112-13 (D. Me. 2005) with Key Bank of Maine v. Tablecloth Textile Co. Corp., 74 F.3d 349, 352 -54 (1st Cir. 1996), and accordingly, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure,  I direct the clerk to enter default against Officer Densing.  The plaintiff has until November 14, 2007, to file a motion for default judgment.  The motion for judgment should include a statement under oath or affirmation by plaintiff as to what injury Densing caused him and what damages he believes he should be entitled to recover in this judgment. (I note that plaintiff has already filed a verified complaint under penalty of perjury, and to the extent he has set forth the pertinent facts in that complaint, he may incorporate the verified complaint by reference into his motion for default judgment.)  If plaintiff has medical records or other evidence to support his claim, they should be submitted with his motion for default judgment.  After I review plaintiff's submissions I will determine if an evidentiary

---

[1] Warren includes a certificate of service in which he certifies that he filed his request for default with this court (in, other words, not that he sent it to Densing at the Waldoboro address). (Docket No. 28.) However: "No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." Fed. R. Civ. P. Rule 5.

hearing will be necessary before I issue a recommended decision regarding the entry of judgment in this case.

## **CERTIFICATE**

Any objections to this Order shall be filed in accordance with Fed.R.Civ. P. 72.

*So Ordered.*

September 14, 2007                  /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge