UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN M. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 7-24-B-W |
| | ) | |
| DENSING, OFFICER, MAINE | ) | |
| STATE PRISON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION**

This case is before the court on Stephen M. Warren's motion for default judgment.

Warren brought suit alleging that Keith T. Densing, a former corrections officer at the

Maine State Prison in Warren, Maine, violated his constitutional rights under the Eighth

Amendment of the United States Constitution by inflicting wanton pain and punishment

upon him.  Densing, who was properly served in hand by a United States Marshal (Doc.

No. 11), has never responded to this lawsuit and default has been entered against him.

(Doc. No. 32).   On December 5, 2007, I held an evidentiary hearing on Warren's motion

for the entry of default judgment.  (Doc. No. 33).  I now recommend the court adopt these

proposed findings of fact and grant Warren's motion, entering judgment for him in the

amount of $2,500.00 compensatory and $5,000.00 in punitive damages, plus costs.

**Proposed Findings of Fact**

This case arises from an incident that occurred at the Maine State Prison on

October 14, 2006, when Warren was a prisoner in the maximum security section of the

Maine State Prison.[1]  On that particular day he and Keith Densing became embroiled in a controversy over a dinner tray that had been delivered to Warren's cell which Warren was expected to return to the guards at the conclusion of the meal service.  Sharp words were exchanged between the two men over the manner in which Warren was to deliver the tray and its remaining contents for removal from the cellblock.  The tray was normally removed through a "tray slot" in the cell door.   Densing, apparently having become angered by Warren's conduct, used the tray slot as an instrument to inflict pain upon Warren by repeatedly slamming his hand in the tray slot, causing Warren a great deal of pain and discomfort.  Warren testified that he has no permanent injury as a result of this incident.  His wrist was very swollen, discolored, throbbing, and painful after the incident.  He received treatment from the prison nurse who, after diagnosing temporary nerve injury, recommended ice packs and Ibuprofen.  Warren was not able to fully use his hand and wrist for a period of time after the incident.

Warren complied with the prison grievance procedure applicable at the Maine State Prison.  On December 1, 2006, Warden Jeffrey Merrill responded to Warren's Level II grievance with the following:

> Your grievance appeal has been reviewed.  Your concession that your conduct was not entirely appropriate is appreciated.  Similarly, it is clear that the officer's conduct was not appropriate and did not meet the standards expected of all correctional officers at MSP.  The officer involved accepted responsibility for his conduct and resigned.  You are entitled to recognition that the officer's conduct, despite your own admitted provocations, was entirely inappropriate.
>
> Based on the foregoing, your appeal is allowed, but since the personnel issues have been addressed, no further remedy is appropriate.  Thank you for bringing this matter to our attention.

---

[1]     Warren is no longer a prisoner and is now living and working in Bangor, Maine.  He personally attended the evidentiary hearing held at the Bangor courthouse and testified on his own behalf in support of his motion for entry of judgment.  He was a credible, articulate, and polite witness.

**Discussion**

Just because Keith Densing is defaulted and cannot contest liability issues, this court is not required to enter default judgment in a particular monetary amount unless it is satisfied that a legal and factual basis exists that supports the entry of default judgment. In this case Warren has presented, under oath, uncontroverted evidence of what happened during the incident. Additionally, his testimony is corroborated by the Warden's response to the Level II grievance acknowledging that Densing's conduct was inappropriate.

The right at stake here is the right to be free from cruel and unusual punishment. Inmates who are convicted prisoners are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. In order to prove a violation under the Eighth Amendment, Warren must show that Densing unnecessarily and wantonly inflicted pain on him. Hudson v. McMillian, 503 U.S. 1, 5 (1992).

In the present case Warren was in a locked cell and presented no safety threat to Densing. Densing's only apparent reason for repeatedly slamming Warren's hand in the tray slot was to punish him for his inappropriate comments by wantonly inflicting pain upon him. Warren was put in great pain by this conduct and, furthermore, the conduct presented a serious risk of permanent injury to the nerves in Warren's hand even though he did eventually fully recover. Warren has established the necessary factual predicate to support the entry of judgment.

Warren's actual damages are not large. There are no special damages in the form of medical bills or lost wages because Warren was a sentenced prisoner at the time of the injury. However, he did experience more than de minimus pain and suffering and emotional distress as a result of this incident. He was without the full use of his hand for

3

a period of time.  I am satisfied that $2,500.00 is the appropriate measure of compensatory damages.

In a civil rights action of this sort a plaintiff is entitled to recover punitive damages if he persuades the fact-finder that the defendant had "evil motive or intent" or acted with "reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983).  The First Circuit has concluded that the important focus under either alternative is whether the defendant acted recklessly or with callous indifference to the federally protected rights of others.  DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 37-38 (1st Cir. 2001).   On these facts it is apparent to me Densing acted with just that sort of recklessness or callous indifference to Warren's federally protected rights.  The Warden's description of the conduct as "not appropriate" and below "the standards expected of all correctional officers" was a generous one.  A corrections officer who gratuitously inflicts pain on an inmate in a situation where the inmate poses absolutely no threat to the officer does nothing to promote legitimate prison disciplinary procedures and he, in fact, promotes disrespect and lawlessness in the prison setting.  It is an appropriate case for punitive damages and I recommend the court award a punitive damages award of $ 5,000.00.

### Conclusion

Based upon the foregoing proposed findings and discussion, I recommend the court direct the clerk to enter judgment in accordance with this decision.

4

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C.  636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 6, 2007.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge